THOMAS F. HUDSON v. S. W. WILKINSON.

(Case No. 4905.)

1. CHATTEL MORTGAGE.— When the possession of personal property, which has been mortgaged, is delivered to the mortgagee or to another for him, it becomes in effect a pledge, and the rights of the parties are to be determined by the principles of law applicable to pledges.

2. LIMITATION.— The fact that a debt which a pledge is made to secure is barred by the statute of limitations constitutes no defense to an action by the pledgee against another for the wrongful conversion of the property, the pledgee having a special property in the thing pledged, and being entitled to its possession until the debt is paid.

3. SAME.— The debtor who has pledged property to secure a debt cannot recover its possession, though limitation has run against the debt, until he tenders the amount unpaid on the debt; and if the debtor obtains the possession and sells to one who has notice of the pledgee's rights, the purchaser takes the property subject to the creditor's right to its possession until the debt is paid. In such case the purchaser is liable to the creditor for a wrongful conversion of the property to the extent of the amount unpaid on the debt, if that amount be less than the value of the property. If the property be worth less than the debt, then the creditor may recover the value of the property at the time of the conversion, with interest thereon until the date of judgment.

APPEAL from Brazos. Tried below before the Hon. W. E. Collard.

The statement of the case in appellant's brief is substantially adopted.

Appellee Wilkinson brought this suit against Hudson for a wagon and two mules and their hire. Verdict and judgment for plaintiff.

The wagon and team were originally the property of one E. D. Stewart, under whom both parties claimed.

On the 13th of October, 1870, Stewart was indebted to one R. W. Dean in the sum of $120, gold, for which he on that day executed his note to Dean, due January 1, 1871, bearing interest from maturity at ten per cent. per annum.

On the same day Stewart executed and delivered to appellee Wilkinson an instrument of writing, whereby, in consideration of a nominal sum, he bargained and sold to Wilkinson the wagon and mules in controversy in trust for R. W. Dean, to secure him in the payment of the note above described. Among other stipulations, the instrument provided that Wilkinson should retain the possession of the property and enjoy the use of it until Stewart should pay off the note, and that on such payment Wilkinson should reconvey and redeliver the property to Stewart. It was further stipulated that in case Stewart should fail or refuse to pay the note at maturity, Wilkinson should pay it, and should thereupon be entitled to retain the absolute and indefeasible title to the property. The instrument was acknowledged and recorded on the day following its date, October 14, 1870. Wilkinson accepted of the terms of the instrument, and was thereupon put in possession of the property.

Stewart failed to pay his note to Dean at its maturity, and Wil-

kinson paid it. Wilkinson had permitted Stewart, who was his tenant, to use the wagon and team to gather his crop, etc., and the appellant Hudson obtained them from Stewart by purchase, as he alleged, but the evidence did not show how he came into possession.

Hudson took the property with notice of Wilkinson's rights. Wilkinson made a demand on Hudson for the property, which was refused, and brought suit for it, and for its hire or use.

Hudson never paid the note to Dean, made no offer in his pleadings to pay it, and told Wilkinson he did not intend to pay it.

The defendant asked the court to charge the jury that the only purpose for which Wilkinson could maintain the suit would be to obtain possession of the property in order to foreclose his lien, and as no suit had been brought to foreclose such lien, and as the note appeared on its face to be barred by limitation, the plaintiff could not maintain the suit. He also requested a charge to the effect that in no event could the jury find against the defendant for more than the amount of the note and interest.

The court refused the charges so asked, and charged instead that if the execution of the instrument was accompanied by a delivery, actual or constructive, of the property to the plaintiff, and Hudson had taken and used it, the plaintiff was entitled to recover of him the property or its present value and the reasonable value of the hire or use of it; but if there had been no delivery of the possession to Wilkinson he could not recover.

*J. D. Thomas*, for appellant, cited on plaintiff's right to recover: Lucketts *v.* Townsend, 3 Tex., 130; Watts *v.* Johnson, 4 Tex., 317–18; Jones *v.* Thurmond, 5 Tex., 318; Parker *v.* Beavers, 19 Tex., 410; Hall *v.* Jackson, 3 Tex., 309; Caldwell *v.* Haley, 3 Tex., 317; Paul *v.* Perez, 7 Tex., 338; Mims *v.* Mitchell, 1 Tex., 443; Hudson *v.* Wilkinson, 45 Tex., 452; Edrington *v.* Newland, 1 Tex. L. Rev., 20.

On alleged error in charge of the court, he cited: Blackwell *v.* Barnett, 52 Tex., 326, and cases there cited; Burks *v.* Watson, 48 Tex., 111; Arledge *v.* Hail, 54 Tex., 402; McClenney *v.* McClenney & Floyd, 3 Tex., 194; Hodges *v.* Bell Taylor, Tex. L. R., July, 1882.

*Sayles & Bassett*, for appellee, cited: Story on Bailments, §§ 93, 94; Loper *v.* Robinson, 54 Tex., 516, and cases cited; Gaston *v.* Dashiell, 55 Tex., 508–520; G., H. & S. A. R. R. *v.* Delahunty, 53 Tex., 206; Mitchell *v.* De Witt, 20 Tex., 294; 1 Greenl. Ev., § 41, and authorities cited on former appeal.

WATTS, J. COM. APP.— Assuming that the property was delivered to appellee at the time Stewart executed the mortgage, then appellee held the same as a pledge.  The old doctrine that the legal title passes to the mortgagee has no place in our system.  Here mortgages of personal property, unaccompanied by possession, are recognized, as are all other naked liens, as but incidents to the debt. But where possession of the property follows the mortgage, then it becomes in effect a pledge, and the rights of the parties are to be determined by those principles of law and equity applicable to that character of transaction.

In case of a pledge, the fact that the debt which it was made to secure is barred by the statute of limitation would constitute no defense to an action by the pledgee against another for a wrongful conversion of the property; for the reason that the pledgee has a special property in the pledge, and entitled to its possession until the debt is paid.  It is said that "the statute simply bars the remedy — it does not extinguish the debt; consequently, where a lien is given upon property for the payment of a claim, whether by contract or by the custom or usage of trade, the lien may be enforced, although the remedy upon the debt itself is barred."  Wood on Limitation of Actions, p. 47, and note.

Hence, if Wilkinson had possession of the property, Stewart could not recover it upon the ground that limitation had interposed, but to authorize such recovery he would be required to tender the amount of the debt.  And surely it would not be contended that Hudson, who purchased with notice of Wilkinson's rights, would in this respect occupy a more favorable position than would his vendor.

After the purchase by Hudson he had simply the rights of Stewart.  He thereby acquired all the rights of the latter and nothing more.  Then the question arises in this case, as to the extent of Hudson's liability to Wilkinson for a wrongful conversion of the property.  It is claimed by appellant that the extent of his liability, and appellee's right to a recovery, is the amount of his debt against Stewart.  And under the facts of the case that is believed to be true.  If Stewart had not parted with his interest in the property, and it had been converted by another without his concurrence and consent, then in an action against such third party Wilkinson would be entitled to recover the full value of the property; for in such case he would be liable to Stewart for the excess in value over his debt.  But here Stewart, having divested himself of such right by his sale to Hudson, he would have no right to such excess; that would belong to Hudson, and he alone would have a right to have

an accounting for it. Strong *v.* Strong, 6 Ala., 347. Upon this issue the charge of the court is erroneous. This error appellant sought to correct by the seventh instruction asked, and which was refused by the court.

There was no error in the charge wherein the court assumed that Wilkinson had paid the debt of Stewart to Dean. The evidence abundantly establishes such payment, and there is nothing in the record that impairs the conclusive force of the evidence.

In respect to the measure of damages, the rule applied by the court is incorrect. The general rule, in cases of this character, is the value of the property at the time of the conversion, with interest thereon up to the time of the judgment. Grimes *v.* Watkins, 59 Tex., 140; Wait's Actions & Defenses, vol. 6, p. 222, and numerous cases cited. That is the correct rule to be applied in this case, with the limitation that the recovery can in no event exceed the amount, principal and interest, of the Stewart debt paid by Wilkinson; that is, the principal, with interest thereon up to the time of the trial.

There is nothing in the objection that, as appellee alleged he was the owner of the property, that therefore he could not recover upon the evidence; that he only held the same prior to the conversion as a pledge to secure a debt. As pledgee he had a special property in the mules and wagon, such as would entitle him to a recovery under the allegation of ownership, and especially so as to a wrong-doer.

Our conclusion is that the judgment ought to be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion adopted May 6, 1882.]