MERCHANTS NATIONAL BANK v. W. N. BARKER.

No. 1353.

1. **Pledge—Rights of Pledgee—Attachment of the Property.**—A pledge of property to secure payment of a valid debt is, as against an attachment sued out by creditors of the pledgor, sufficient title to warrant a recovery by the pledgee for its seizure under a general allegation of ownership.

2. **Same—Measure of Damages for Seizure.**—The party so seizing property that is pledged is liable for its full value, unless it is alleged and proved that the debt it is pledged to secure is less than the value thereof.

3. **Pleading and Proof—Fraud.**—In order that it may constitute a defense, fraud must be pleaded and proved.

4. **Practice—Order Reinstating Cause.**—Where a case has been dismissed for want of prosecution, an order that it "be reinstated upon condition that plaintiff pay

all cost,'' etc., is valid and effective. Hargrave v. Boero, 23 Southwestern Reporter; distinguished.

ERROR from Wilbarger. Tried below before Hon. G. A. BROWN.

*Stanley, Spoonts & Meek,* for plaintiff in error.—1. The allegation of ownership and possession and right of possession to the property, made in plaintiff's petition, was supported by proof that the property was turned over to the plaintiff by Robinson Bros. & Co. to be sold, and the proceeds arising from said sale to be applied on an indebtedness due from said Robinson Bros. & Co. to the plaintiff; and it was error to instruct the jury, that before plaintiff could recover it must show an absolute title and ownership to the property in question. Schmick v. Bateman, 77 Texas, 326; Thomas v. Chapman, 62 Texas, 193; Irion v. Mills, 41 Texas, 310; Kerr on Fraud, 365, 366; Willis v. Hudson, 63 Texas, 678.

2. In the absence of allegations of fraud in the sale and transfer of said property from Robinson Bros. & Co. to the bank, the only thing necessary to entitle the plaintiff to recover would be proof of possession of said property, and the proof was undisputed that Chase, as a representative of the bank, was in the exclusive possession of the said property when the same was levied on by the defendant Barker. Irion v. Mills, 41 Texas, 310; Kerr on Fraud, 365, 366; Willis v. Hudson, 63 Texas, 678.

*Frank McGehee,* for defendant in error.—1. The court erred in over-ruling defendant's motion to strike this cause from the docket, and the order reinstating this cause, after same had been dismissed for want of prosecution, said order being in the following words: ''That this cause be reinstated on condition that plaintiff pay all costs,'' etc.; and de-fendants having promptly moved to strike the cause from its docket, for the reason that said order is contingent and uncertain, and is not a final judgment. Secrest v. Best, 6 Texas, 199; Gorman v. McFar-land, 13 Texas, 237; San Antonio v. Dickman, 34 Texas, 647.

2. Plaintiff having alleged absolute ownership of the property, it should be made to recover on the facts as pleaded; and it having turned out by its own witnesses that the goods were only pledged to secure a debt, there was a material variance between the allegation and proof, and on this account defendants are entitled to the charge given and to the judgment rendered in this case  Rule 12 for Dist. Courts; Rev. Stats., art. 124; Hoerr v. Coffin, 1 W. & W. C. C., sec. 186.

STEPHENS, ASSOCIATE JUSTICE.—Plaintiff bank sued the sheriff of Wilbarger County for the value of a lot of barbed wire seized by him under attachment process in favor of the Tebo Mill and Elevator Com-pany, as the property of Robinson Bros. & Co., alleging, in general

terms, that at and before the date of the seizure said bank was the owner, in possession and entitled to the possession, of said wire.

·The proof tended to show, that Robinson Bros. & Co., being largely indebted to said bank, had conveyed their stock of goods to it for the purpose of securing and providing for the payment of said indebtedness; and in addition thereto, for the same purpose, had delivered said wire to its agent and representative by way of mortgage and pledge; and while so held, it was seized under said attachment process.

In this state of case, the following charge was erroneous and misleading: "But if you believe from the evidence that the transfer and delivery of the property, if any, by Robinson Bros. & Co. to plaintiff's agent or officer, Chase, was only made to enable plaintiff to dispose of said property and apply the proceeds thereof to the payment of the debt due by Robinson Bros. & Co. to plaintiff; that the agreement and understanding by all the parties that the overplus, if any, arising from such sale should be returned to said Robinson Bros. & Co., or to other creditors for their benefit, then the court instructs you that such a transfer and delivery would not constitute a sale to plaintiff; and if you so find, you will return a verdict for the defendants."

It seems to be well settled, that a pledge of property to secure the payment of a valid debt is, as against a wrongful attachment, sufficient title to warrant a recovery under a general allegation of ownership. Osborn v. Koenigheim, 57 Texas, 91; Schmick v. Bateman, 77 Texas, 326; Sanger Bros. v. Henderson, 1 Texas Civ. App., 412; Hudson v. Wilkinson, 61 Texas, 606.

If appellees, in order to reduce the amount of the recovery, relied upon the defense that the debt secured by this pledge amounted to less than the value of the property seized, they should have made proof of this fact. The evidence introduced, as far as it went, tended to show that the amount of the debt remaining unpaid exceeded the value of the property. Hudson v. Wilkinson, 61 Texas, 606. Also, if they relied upon fraud in the pledge, that defense should have been both alleged and proven. Willis v. Hudson, 63 Texas, 678.

Their contention that the order reinstating the case, after it had once been dismissed, was conditional and void, is untenable. Houston v. Starr, 12 Texas, 424, and subsequent cases.

For the error in the charge, the judgment will be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered October 24, 1894.

ON MOTION FOR REHEARING.

STEPHENS, ASSOCIATE JUSTICE.—We have carefully examined the case of Hargrave v. Boero, 23 Southwestern Reporter, 403, decided by the Court of Civil Appeals for the Fifth District, so much relied

upon by appellees in their motion for a rehearing, but we see no analogy between that case and this.

There a specific date was fixed within which the costs had to be paid, and in default of which it was ordered that the judgment should remain in full force. The order in this case reinstating the cause did not provide that the costs should be paid within a specified time, as a condition to its taking effect; but in ordering the case to be continued, the court evidently contemplated that it had used the word "condition" in its statutory sense. See the reasoning of Justice Gaines, in the case of Fenn v. Railway, 76 Texas, 380.

In reference to the other point raised by the motion, we do not wish it to be understood that, in the opinion heretofore filed, we intimated that appellant was not entitled to recover the full value of the goods. For our views upon this question, with a full citation of authorities, see the case of Martin-Brown Company v. Henderson, recently decided by us.

We understand that appellant made a prima facie case of ownership as against appellees, and to overturn this, it devolved upon them to allege and prove the debt prima facie shown, upon which the pledge was founded, to be fictitious, or that for some other reason the pledge was fraudulent and void.

The motion is overruled.

*Overruled.*

Delivered December 5, 1894.