**COCKE et ux. v. WRIGHT.** (No. 10574.)

Court of Civil Appeals of Texas. Dallas.
Nov. 1, 1929.

Rehearing Denied Jan. 11, 1930.

See, also, 299 S. W. 446.

A. A. Cocke, of Dallas, for appellants.
John W. Pope, of Dallas, for appellee.

VAUGHAN, J. On June 12, 1928, appellee, G. G. Wright, receiver of the United Home Builders of America, as plaintiff, recovered judgment in consolidated causes Nos. 49796–C and 49801–C, each styled G. G. Wright, Receiver, v. A. A. Cocke et ux., against appellants, A. A. Cocke and wife, Daisy Dixon Cocke, as follows: Against A. A. Cocke for the sum of $2,813.69, together with interest thereon from date at the rate of 3 per cent. per annum, and all costs of court, and against A. A. Cocke and wife, Daisy Dixon Cocke, as defendants in said consolidated causes, foreclosing mechanics' and deed of trust liens on certain real estate located in the city of Dallas, Dallas county, Texas. No appeal was prosecuted by appellants from this judgment.

In due time, when and as authorized by law, appellee, Wright caused to be issued an order of sale on and to enforce the terms and provisions of said judgment, and thereafter caused the sheriff of Dallas county, Texas, to levy upon and advertise for sale, on the first Tuesday in January, 1929, the real estate described in said judgment, in satisfaction thereof. Appellants, on the 31st day of December, 1928, filed their original petition for writ of injunction, enjoining and restraining appellee receiver and the sheriff of Dallas county, Texas, from selling said property under said order of sale, on the grounds that appellants had recovered a judgment in said sixty-eighth judicial district court upon certain 43 loan and home-purchasing contracts, of the United Home Builders of America, owned by them, in the sum of $13,330, and that the judgment rendered in said consolidated cause in favor of appellee, receiver, for the sum of $2,813.89, against appellant A. A. Cocke, should be set off and liquidated by applying thereto a sufficient amount of the judgment for $13,330 to cancel the judgment ren-

dered in said consolidated cause; that said judgments were rendered between the same parties and by the same court.

Following are appellant's major allegations: "That defendant herein was appointed receiver of said United Home Builders of America, on or about the 25th day of January, A. D. 1923, and at the time of the appointment of defendant as said receiver the plaintiff A. A. Cocke was the owner and holder of 43 of said co-operative loan contracts, each being for the face value of $1,000, upon which 43 contracts the plaintiff A. A. Cocke had made a deposit of 31 monthly installments of $10 on each contract, that is to say, a deposit of $310 on each of said 43 contracts, making a total deposit by said plaintiff with said association in the total sum of $13,330, and that by virtue of said deposits the United Home Builders of America and the defendant, G. G. Wright, as receiver thereof, became indebted to these plaintiffs in said sum of $13,330; that subsequent to the appointment of defendant as receiver the said claims of the plaintiff A. A. Cocke were duly filed with said receiver and were by the sixty-eighth judicial district court of Dallas county, Texas, properly adjudicated and found to be just and valid claims existing against said United Home Builders of America and said defendant, receiver; that said adjudication is evidenced in the form of a judgment entered April 26, 1924, by the sixty-eighth district court, covering contracts No. 2142, Nos. 2287 to 2290, inclusive, and Nos. 2358 to 2395, inclusive, making a total of 43 contracts, on each of which contracts the sum of $310 is found to have been deposited, making a total of $13,330 adjudged by the court to be due and owing to the plaintiff A. A. Cocke by the defendant receiver, G. G. Wright, which amount was adjudged and decreed by the court to be a valid, subsisting, and unsatisfied claim against the United Home Builders of America to be paid by the receiver, defendant herein; * * * that these plaintiffs have requested and demanded that said receiver apply to the cancellation of said judgment in the sum of $2,813.69, obtained in his favor in said consolidated cause Nos. 49796 and 49801 such amount as he is due and owing these plaintiffs by virtue of the above-described 43 contracts of the total adjudicated value of $13,330, as may be necessary to cancel said judgment in his favor, but that said receiver has failed and refused, and still fails and refuses, to apply to the cancellation of said judgment in his favor any amount whatever which he is due and owing to these plaintiffs, and threatens to make sale of said home property of these plaintiffs, and has actually had an order of sale issued under said judgment in his favor, and has placed said order of sale in the hands of Mrs. Lula Seale, sheriff of Dallas county, Texas, and in keeping with said order of sale has directed the sale of said property on the 1st day of January, 1929, this being the sales day under the statutes of the state of Texas, for the sale of real estate under foreclosure of liens."

Appellee, in reply to the above, answered in substance as follows: That appellants were further obligated by promissory note to appellee, receiver, in the sum of $16,982.50, less the credits thereon as pleaded; that said $16,982.50 note represented moneys borrowed by appellants from the United Home Builders of America, and represented what was known in the company as a temporary loan; that the 43 loan contracts alleged by appellants to have been reduced to a judgment in their favor were numbered on the face of said note, and actually delivered to and placed in the possession of the United Home Builders of America as a pledge to guarantee the payment of said note; that this transaction was a separate and independent transaction, and constituted a separate and different character of loan from the transaction upon which the receiver had obtained his judgment, and which judgment is sought herein to be enjoined by appellants; that the judgment sought to be enjoined by appellants, being in the sum of $2,813.69, was a debt created by appellants to the United Home Builders of America, wherein they borrowed money and put up the real estate involved as security for the debt so reduced to judgment; that the adjudication in favor of appellant A. A. Cocke on said 43 contracts in the sum of $13,330, as alleged by appellants to have been made, was set aside and vacated by final judgment of the sixty-eighth judicial district court, rendered on May 10, 1926, adjudicating said 43 contracts as a claim to be paid in due course of receivership proceedings, under the directions and order of said court, in the sum of $9,539.55; that appellant A. A. Cocke did, on January 3, 1923, pay on the note for $16,982.50 the sum of $10,317.50, which amount was credited upon said note just prior to the appointment of appellee, Wright, as receiver of the property of said company, said 43 contracts being immediately after his said appointment received into his possession, and since then retained by him as such receiver, as a pledge to secure the payment of said note of $16,982.50, whereby a fixed right as a matter of law and equity in all of said pledged security rests in defendant as receiver until the full amount of the principle and interest of said note is paid off and discharged; that the final adjudicated value of the contracts pledged was the sum of $9,539.55, and that 25 per cent. thereof, being dividend No. 1, in the sum of $2,384.88, was applied by said receiver as a credit on said $16,982.50 note; that the credit of said sum on plaintiff's obligation, and calculating the interest on the balance thereof up to and until January 12, 1929, leaves the balance due thereon by said A. A. Cocke,

both principal and interest, in the sum of $6,596.57; that the district court responsible for the receivership proceedings in the administration ordered the application of any dividends declared and paid on said 43 contracts be applied, first to any indebtedness of the appellants which might be held by the receiver, and such application was so made by the receiver more than two years before the judgment was obtained in this case, which appellants seek to enjoin.

Appellants' petition was presented to Hon. Claude M. McCallum, judge of the 101st judicial district of Texas, and on December 21, 1928, he granted a temporary order, restraining appellee and the sheriff of Dallas county from further proceeding to sell said real estate, and commanding the receiver to appear before the sixty-eighth district court on the 12th day of January, 1929, to show cause, if any, why said injunction should not be granted, as prayed for, and made permanent. On February 2, 1929, final hearing was had on appellants' petition, which resulted in judgment being rendered on that date, denying to appellants the injunction sought by them against appellee, Wright, the rendition of which is now properly before us for review and revision.

The following material facts were found by the trial judge to have been established by the evidence adduced by the parties: That the United Home Builders of America was organized by A. A. Cocke, one of the appellants, and one W. M. Webb, under a declaration of trust, dated January 2, 1919. That the said Cocke and Webb, under said declaration of trust, became the permanent trustees of the United Home Builders of America. That under and by virtue of said declaration of trust said organization was created as a cooperative loan and home building association. That said association had issued and sold approximately 25,606 three per cent. loan and home-purchasing contracts to its members. That appellant A. A. Cocke was a contract holder in and a member of said association. That said association made two characters of loans, viz.: (a) A real estate loan, wherein deeds of trust liens were given on real estate to secure same, and this character of loan was made at a rate of 3 per cent. interest on the principal per annum; and (b) a loan designated as a temporary loan, that is, when a member possessed loan-purchasing contracts which had not been reached in their numerical order for a loan, but sufficient funds had been paid into the company thereon by a member to create a cash surrender value, or loan value, then the member could obtain a temporary loan, by pledging and delivering his unmatured contracts to the company as security for payment of said loan. That the judgment rendered by the trial court, in consolidated causes Nos. 49796–C and 49801–C, G. G. Wright, Receiver, v. A. A. Cocke et ux.,

in the sum of $2,813.69, grew out of a loan obtained upon matured contracts, secured by deed of trust and mechanics' liens, executed and delivered by defendants in said consolidated causes. That after said loan was obtained, known as the real estate loan, plaintiff A. A. Cocke obtained from said Home Builders another loan, known as a temporary loan, and executed his note therefor in the principal sum of $16,982.50. That when said Home Builders of America was placed in the hands of a receiver on January 25, 1923, the real estate loan was still outstanding and was a part of the security of said organization and unpaid. That the temporary loan of $16,982.50 had a credit thereon as part payment, in the sum of $10,317.50, as of January 3, 1923. That, when said A. A. Cocke obtained said temporary loan, he delivered to said Home Builders, as pledged security for the payment of said note, 43 three per cent. loan and home-purchasing contracts, numbered Nos. 2142, 2287 to 2290, inclusive, and 2358 to 2395, inclusive. That said contracts, as numbered, have been heretofore adjudicated as claims against the assets of said Home Builders, in the total sum of $9,539.50. That on May 10, 1926, said A. A. Cocke was due and owing the receiver, the defendant herein, as a balance on said $16,982.50 note, the sum of $8,069.95, principal and interest. That as of said date, to wit, May 10, 1926, a dividend was declared in the liquidation of said Home Builders in the sum of 25 per cent. of the adjudicated value of each and all of the contracts issued by said Home Builders that had been adjudged valid claims against its assets, including said 43 pledged contracts, and that $2,384.88 was the amount of dividend so declared upon said 43 contracts. That the defendant receiver applied said dividend as part payment on the balance of the indebtedness due on said temporary loan note. That after the application of said payment on May 10, 1926, there remained due and owing the defendant receiver by said A. A. Cocke the sum of $5,685.07. That with the accrued interest on said amount from May 10, 1926, up to January 12, 1929, as per tenor and effect of said note, there was due thereon $6,596.57 by said A. A. Cocke to defendant receiver. That the defendant receiver has never at any time had, nor has he at this time, any funds in his possession belonging to plaintiffs herein that could be applied in liquidation of the judgment rendered in said consolidated causes. That in the liquidation of said Home Builders there are approximately 7,000 contract holders who never obtained a loan of any character, but who had contributed their money to said organization, being nonborrowers and contributing members, who are at this time before the court with their contracts adjudicated as claims against the assets of said Home Builders. That plaintiff A. A. Cocke is a member of said organization,

and is before the court in a dual capacity, namely, a contributing member and a borrowing member at the same time. That the funds in the hands of the receiver, Wright, at this time, or that may come into his hands at any time, for distribution upon adjudicated claims, cannot and will not liquidate the indebtedness now due the defendant receiver, by the plaintiff A. A. Cocke, on said $16,982.-50 note. That said A. A. Cocke has no claims against defendant receiver, upon any other grounds or basis, save and except upon the 3 per cent. contracts pledged by him, as above stated, to secure the payment of said note of $16,982.50. That the assets of said organization will not pay exceeding 35 per cent. of the adjudicated 3 per cent. loan and purchasing contracts.

Appellants' brief contains 36 propositions in support of their appeal, each of which would respectively require and receive at our hands full measure of consideration, but for the fact that appellants relieved this court of that task by the following statement and declaration, contained on page 22 of their brief:

"We think that not even the appellee would attempt to deny the equity of offsetting one judgment against another as a general proposition. It is only where some facts, external to the judgments themselves, create rights which make it equitable for the court to offset judgment against judgment, that such right of offset can be denied. The burden is on the party opposing such offset to show, that such facts exist to make it inequitable to offset such judgments. The only question in this appeal is, does the receiver show any equity or equities which are of such nature as to overcome this equity of offset in behalf of plaintiffs? The showing made by the plaintiffs, and the judgments in the records make a prima facie case. Does the receiver overcome such case?"

■■ The above is an express waiver by appellants of every proposition contained in their brief, except the ones upon which may be based the question: "Does the receiver show any equity or equities which are of such nature as to overcome this equity of offset in behalf of the plaintiffs?" This equity of offset in behalf of appellants can only be overcome by some facts external to the judgments themselves, creating a right making it inequitable for the court to offset the judgment rendered against appellants by crediting the amount due thereon on the judgment of adjudication rendered in favor of appellant A. A. Cocke, against appellee receiver. As to the material facts found by the trial judge, the statement of facts discloses that all of the facts so found are supported by ample testimony, except the following, which we find not justified by the evidence before us, viz.: "That approximately 7,000 contract holders, who never obtained a loan of any character, but who had contributed their money to the company, being nonborrowers and contributing members, at this time are before the court with their contracts adjudicated, as claims against the assets of this concern." Therefore, with this exception, we adopt all findings of fact made by the trial court as the findings of facts by this court.

■ Appellant A. A. Cocke occupied the dual position of a contract holder in the United Home Builders of America and a borrower from said organization. In other words, as to the contracts purchased and held by him, he was a creditor of said organization, and as to the loans made by said organization to him he was a debtor, and was obligated to pay to the receiver the full amount of his indebtedness, regardless of the fact that the amount for which his contracts had been adjudicated, as a claim against the assets of said Home Builders, exceeded largely in amount the judgment rendered against him in favor of said receiver; the assets of said Home Builders not being adequate, when liquidated, to pay dividends on the amount for which said appellant's contracts had been adjudicated, namely, $9,539.55, sufficient to pay the judgment against said appellant after paying the debt for which said contracts had been pledged as security. In making such payment appellants could not require said receiver to allow as a credit the amount of the judgment for $2,813.69 on the amount for which said 43 contracts had been adjudicated, as a claim against and to be paid out of the assets of said organization by the receiver in due course of the receivership proceedings; this because, as a creditor of said insolvent organization, appellant, as the owner of said adjudicated claim, could not be accorded a preference over other holders of contracts, adjudicated as claims against said organization, as such a preference would be an invidious distinction and inequitable.

In this cause, under the law, the receiver was required to collect in money all sums payable to the United Home Builders of America, and prohibited from paying any claim against said organization, except under orders of the court, in which said receivership proceedings were pending, and out of the proceeds arising out of and from the assets of said insolvent organization. Said judgment of adjudication was not a judgment directing and requiring appellee receiver to pay the sum of $9,539.55, the aggregate amount of said 43 contracts, as a fixed demand regardless of any sum that appellant A. A. Cocke might be due said Home Builders, but was the judicial ascertainment of the value of said contracts, as a demand to be discharged out of the assets of said organization in due course of said receivership proceedings, said sum of $9,539.-55, representing a standard of measure by which the receiver should disburse the funds received and to be received by him as receiver of the assets of said organization.

Both judgments grew out of the liquida-

tion of the United Home Builders of America, a co-operative loan company, which dealt with two classes of people, one a borrowing class, and the other a nonborrowing class, each class only becoming connected therewith, through the purchase of its 3 per cent. loan and home-purchasing contracts, and could only acquire an interest therein by the payment of the sums of money required to be made in order to mature said contracts, and thereby contribute to its loan and trust fund.

When appellee, Wright, because of the insolvency of said Home Builders, was appointed receiver, all of the assets were taken over by him under the orders of the trial court, where said proceedings originated and are now pending, and practically all of the assets of said organization were represented by deeds of trust, notes secured by real estate, and by temporary loans evidenced by promissory notes with the 3 per cent. home-purchasing contracts pledged as security. That a full, correct, and equitable disbursement of the funds by the receiver should be made, it was necessary, through proper proceedings, that the validity of all claims against said Home Builders be ascertained, the value and amount thereof established in the name of the respective owners thereof, in order to establish a basis for calculation by which the receiver should disburse funds. Such was the proceeding that took place with all of the claims against said Home Builders, including the 43 contracts pledged by appellant A. A. Cocke to secure the payment of the note in the sum of $16,982.50.

It is established beyond controversy that the receiver cannot pay, and will not be able to pay, to those whose claims have been properly adjudicated, a greater amount than 40 per cent. of the determined value of their claims. Therefore it would be inequitable to permit appellants to discharge the judgment in favor of appellee receiver in the sum of $2,813.69, by placing that sum as a credit on the adjudicated value of the 43 contracts pledged by appellant A. A. Cocke as security for the payment of his note in the sum of $16,982.50, on which there remains due a balance of $6,596.57, for in this way he would receive 100 cents on the dollar to the extent of $2,813.69, plus interest thereon, while other contract holders would only receive 40 per cent. of the amount of their established claims. That this would be inequitable certainly requires no logical discussion to demonstrate, for the facts carry but one conclusion, viz. to offset the judgments one against the other, as contended for by appellants, would be unjust and inequitable, in that appellants would receive in the liquidation of the insolvent organization 100 cents on the dollar on their pledged contracts, as finally adjudicated, to the extent of the amount of the judgment against them, although appellee receiver was and is entitled to retain and apply any and all dividends declared, or that might be declared,

on said sum of $9,539.55 as a payment and credit on the sum of $6,596.57, balance due on the note for $16,982.50, and the dividend declared and to be declared on said sum will only amount in the aggregate to $3,815.82. People's Bldg. & Loan Ass'n v. McPhilamy, 81 Miss. 61, 32 So. 1001, 59 L. R. A. 743, 95 Am. St. Rep. 454; Strohen v. Franklin Saving Fund & Loan Ass'n, 115 Pa. 273, 8 A. 843, 844. From the latter case, as being very appropriate to the one before us, we quote as follows:

"The insolvency of the company, as before observed, puts an end to its operations as a building association. To a certain extent it also ends the contract between it and its members respectively, and nothing remains but to wind it up in such a manner as to do equity to creditors, and between the members themselves. As regards the latter, care should be taken to adjust the burdens equally, and not to throw upon either borrower or nonborrowers more than their respective share. That result may be reached by requiring the borrower to repay what he actually received, with interest. He would then be entitled, after the debts of the corporation are paid, to a pro rata dividend with the nonborrower for what he has paid upon his stock [or contracts]. He will thus be obliged to bear his proper share of the losses. To allow him to credit upon his mortgage his payments on his stock would enable him to escape responsibility for his share of the losses, and throw them wholly upon the nonborrowers. In other words, the borrower would escape without loss. It will not do to administer the affairs of an insolvent corporation in this manner."

Under the facts as found by this court, we have been, we think, unerringly led to the conclusion that facts external to the judgments involved create rights which would make it inequitable to offset the judgments involved, one against the other, as contended for by appellants. Therefore the judgment of the trial court is in all things affirmed.

## On Appellants' Motion for Rehearing.

That there may be no room for uncertainty as to our views of appellants' appeal as a whole, or grounds for equivocation as to the effect and scope of our holding, as announced in the original opinion, we deem it advisable to discuss the major grounds of appellants' motion for rehearing. It is contended that the court erred in holding that the statement in appellants' brief, viz. "The only question in this appeal is: Does the receiver show any equity or equities which are of such nature as to overcome this equity of offset in behalf of plaintiffs?" amounted to a waiver of all other assignments of error and propositions therein urged, because the pretermitted proposition presented "other related questions whose determination was and is necessary to a proper decision of the case." That the holding complained of was justified, it is only

necessary to state that the relief sought by appellants was purely equitable, namely, the right to apply to the cancellation of the judgment for $2,813.69 such an amount of the judgment rendered in favor of appellant A. A. Cocke, adjudicating the value of the 43 contracts pledged by said appellant to the United Home Builders of America, to secure the payment of an indebtedness evidenced by a note for the sum of $16,982.50, and upon which there remained due and unpaid the principal sum of $5,686.07, as should be necessary to affect the judgment for $2,813.69. No other relief was sought; therefore the only question necessary to be determined was whether there existed facts external to the judgments themselves that created rights which made it inequitable for the court to offset judgment against judgment. Therefore all collateral issues or propositions being inherently insufficient to determine the disposition that should be made of this one issue, it certainly was not necessary for this court to specifically discuss, even if same had not been waived by the above statement contained in appellants' brief. However, we will here present our views upon the only assignments that could in any respect bear upon the merits of appellants' appeal, viewed from their standpoint.

As to appellants' plea of payment, appellant A. A. Cocke testified as follows concerning the contracts that had been acquired by him from the United Home Builders of America:

"It is a fact that the 3 per cent. loan home-purchasing contracts, about which I have just testified that were adjudicated in my favor, are the contracts that I have been testifying about; that is, the 43 contracts. Those are the contracts upon which my adjudicated claim rests. It is also a fact that I have had in my possession the receiver's answer in this case, and I have checked up that answer and I find that it properly contains the number of contracts that I have just examined. I have examined the contract that you have just handed to me, and particularly the reverse side of the contract, and I will say for the purpose of this record that that is my signature upon the reverse side of each one of those contracts. I do not know when I lost possession of those contracts, but I suppose I lost possession of those contracts when I got a temporary loan from the United Home Builders of America. I put them up with the company, to secure the payment of a temporary loan secured from the United Home Builders of America. I have examined the instrument which you hand to me, and I see that the 43 contracts are listed here, and also quite a large number of other contracts besides. However, the 43 contracts that I have just testified about are listed in this instrument. That (indicating) is my signature, and there is no controversy about that note. I executed that note. It is a fact that sometime during the month of December, 1922, I presented to the United Home Builders of America some 3 per cent. loan home-purchasing contracts under section No. 13; in fact, I instructed the United Home Builders of America in St. Louis to give me the cash surrender value on all the contracts that they held against that note, except the 43 contracts involved in this suit. I cannot say from memory whether the contracts shown in Exhibit A are the contracts that I submitted for adjustment under section 13 of the contract or not, but I would just say to the best of my knowledge and belief that that is correct. I received credit from the United Home Builders of America on the cash surrender value of those contracts; that seems to check out all right. The contracts which I have checked under Exhibit A, as I stated awhile ago, were originally put up with the United Home Builders of America for a temporary loan. This note seems to be credited with the sum of $10,- 317."

By this testimony, certainly appellants' claim for credit on the note for $16,982.50, on account of the 43 Home Builders contracts involved in this suit, and pledged to secure the payment of said note, was destroyed. This conclusion appellants controvert on the ground, that appellant A. A. Cocke testified as follows: "I want to further put in evidence, that the United Home Builders of America failed to allow me credit in the sum of $7,134.05, to which I was entitled and which had been submitted to a board of arbitration, and that the board of arbitrators found a balance in my favor. This settlement as you mentioned it was made before a receiver was appointed in this case, and the amount should have been endorsed as a credit on the temporary loan note mentioned in this case."

■■■ This testimony became ineffectual and was excluded by the court as shown by the following proceedings. Attorney for appellee moved the court "to strike from the record any testimony with reference to any arbitration agreement, on the ground that, this purported claim was before alleged by the plaintiff Cocke in the consolidated causes and withdrawn and abandoned and in consideration of the abandonment of that claim by the defendant Cocke in the suit where a judgment was obtained seeking foreclosure on the real estate, this court instructed counsel for the receiver to dismiss a certain cross-action, which the record will show here, and which dismissal was taken." By the court: "The court will take judicial cognizance of its judgment, and the court has made that entry; that seems to me to have been removed from this case. In other words, when you (referring to appellant A. A. Cocke) stated that the trustees of the company failed to allow it, you might have introduced that in evidence at that time, but not now; it cannot be intro-

duced in evidence at this time; it is not pleaded."

The disposition made of the issue in reference to the finding of the board of arbitrators having been made in a prior cause between the same parties to the instant case, and both cases being tried by the same judge, the trial judge properly took judicial cognizance of the proceedings had and disposition made of this particular issue in said previous cause, and in the absence of any showing of a conflict between the proceedings had and judgment rendered therein, and the statement made by the trial judge as to his judicial knowledge of such proceedings so declared in the course of the trial of this cause is accepted as purporting absolute verity.

■ We are now brought to consider the proposition, that the debt for which said 43 contracts were pledged to secure payment, being barred by the four-year statute of limitation, the court erred "in accrediting the alleged debt of A. A. Cocke to Home Builders on the so-called 'temporary loan' with any standing in the case, and in holding that, because of it the right in equity of appellee to offset against appellee's judgment against them the aforesaid judgment in favor of A. A. Cocke against Home Builders in the amount of $9,539.55 is defeated." The 43 Home Builders contracts involved were pledged as security for the payment of a note executed by appellant A. A. Cocke to said Home Builders in the sum of $16,982.50, on which there was a balance due at the time the judgment appealed from was rendered in the sum of $6,596.57, and prior to that date said note had become barred by the four year statute of limitation. Said note and the 43 Home Builders contracts pledged to secure same passed into the hands of appellee on his appointment as receiver of the properties of the United Home Builders of America.

We think the holding in the case of Hudson v. Wilkinson, 61 Tex. 606, sufficient authority to offset this contention, namely:

"The fact that a debt which a pledge is made to secure is barred by the statute of limitations constitutes no defense to an action by the pledgee against another for the wrongful conversion of the property, the pledgee having a special property in the thing pledged, and being entitled to its possession until the debt is paid. The debtor who has pledged property to secure a debt cannot recover its possession, though limitation has run against the debt, until he tenders the amount unpaid on the debt; and if the debtor obtains the possession and sells to one who has notice of the pledgee's rights, the purchaser takes the property subject to the creditor's right to its possession until the debt is paid. In such case the purchaser is liable to the creditor for a wrongful conversion of the property to the extent of the amount unpaid on the debt, if that amount be less than

the value of the property. If the property be worth less than the debt, then the creditor may recover the value of the property at the time of the conversion, with interest thereon until the date of judgment."

Appellants' motion for rehearing is therefore overruled.