**DENMARK et al. v. AVINGER.    (No. 2834.)**

(Court of Civil Appeals of Texas. Texarkana. Dec. 26, 1923. Rehearing Denied Jan. 17, 1924.)

I. **Limitation of actions** ⊂⊐167(1)—**Pledgee of collateral security may apply proceeds to satisfaction of entire debt, though latter is subsequently barred.**

Pledgee of collateral security not barred by the statute of limitations may have the proceeds thereof applied to satisfaction of the entire debt secured, though the latter has become barred by the statute since the pledge.

2. **Pledges** ⊂⊐53—**Pledgee may sue to foreclose the pledge lien or on the collateral in the same action on the original debt of pledgor.**

A pledgee may sue to foreclose the pledge lien, or on the collateral itself, in the same action on the original debt of the pledgor.

3. **Pledges** ⊂⊐58(1)—**Pledgee may foreclose collateral vendor's lien notes without first obtaining judgment against maker of such notes.**

Where, in pledgee's action on original debt of pledgor, plaintiff also sued on the pledged collateral, consisting of vendor's lien notes, he had the right to foreclose the vendor's lien on the land, and judgment therefor was not void because he had not, before foreclosing the vendor's lien, obtained personal judgment against the maker of the vendor's lien notes.

Appeal from District Court, Cass County; Hugh Carney, Judge.

Action by L. H. Avinger against Lee Denmark and others. Judgment for plaintiff, and defendants appeal. Reformed and affirmed.

The appellee brought the suit to collect and enforce the lien of three vendor's lien notes payable to him and executed by Lee Denmark, and to collect and enforce the lien, and to have the proceeds arising out of the sale thereof applied to payment of the three vendor's lien notes, of four vendor's lien notes executed by John Wesley Royal to Lee Denmark and transferred by Lee Denmark to appellee as collateral security for the payment of the three vendor's lien notes. J. J. Mead was made a party defendant upon the allegation that he was setting up some claim to the land.

The defendant Lee Denmark filed a general denial, and specially pleaded the statute of limitation of four years in bar of recovery upon his first note due in 1918.

The defendant John Wesley Royal, besides a general denial, specially pleaded that he reconveyed to Lee Denmark the land purchased of him in consideration of the full cancellation of the four vendor's lien notes executed to him, and that at the time he made such agreement of reconveyance and cancellation he had no notice that the plaintiff, L. H. Avinger, held the notes as collateral security.

The defendant J. J. Mead, besides a general denial, pleaded that he in good faith purchased the land from Lee Denmark, paying full value therefor, and without notice of any outstanding notes or that the plaintiff held, owned, or claimed any lien against it.

The case was tried before the court without a jury, and after hearing the evidence he rendered judgment in favor of the plaintiff.

The court made the following findings of fact and conclusions of law:

"I find that on the 31st day of December, A. D. 1917, plaintiff, L. H. Avinger, by his warranty deed, conveyed to defendant Lee Denmark 8½ acres of land, a part of the James Anders headright survey, situated in Cass county, Texas, and described in plaintiff's petition; that in said deed of conveyance a vendor's lien was reserved against the 8½ acres of land, said lien evidenced by three promissory vendor's lien notes, all bearing date December 31, 1917, and described as follows: Note No. 1 for $100, due November 15, 1918; note No. 2 for $100, due November 15, 1919; and note No. 3 for $81, due November 15, 1920; each of said notes drawing interest at the rate of 10 per cent. per annum from the 15th day of November, 1917; that all of said notes were executed by defendant Lee Denmark and were payable to plaintiff, L. H. Avinger.

"(2) I find that none of said notes, or any part thereof, have ever been paid, and that the amount now due on said notes, including interest and attorneys fees, is the sum of $474.82.

"(3) I further find that on the 8th day of November, A. D. 1920, the defendant Lee Denmark, by his warranty deed of that date, conveyed to the defendant John Wesley Royal the 8½ acres of land described, and in addition thereto conveyed 12½ acres a part of the same headright by the same deed, making a total of 20½ acres conveyed by Lee Denmark to John Wesley Royal.

"(4) I find that in the deed from Lee Denmark to John Wesley Royal a lien was reserved by Lee Denmark against the 20½ acres of land, as evidenced by four certain promissory vendor's lien notes, executed by John Wesley Royal to Lee Denmark, said notes described as follows: All bearing date November 8th 1920, payable to Lee Denmark, numbered from 1 to 4, inclusive, each for the sum of $154.37 and due respectively 1, 2, 3, and 4 years from date, and each of said notes drawing interest at the rate of 10 per cent. per annum from date.

"(5) I further find that said deed was duly delivered to John Wesley Royal by Lee Denmark and that the four notes were executed by John Wesley Royal and duly delivered to Lee Denmark.

"(6) I further find that in December, 1920, and soon after the execution and delivery of said four notes by John Wesley Royal to Lee Denmark, the plaintiff L. H. Avinger, was pushing defendant Lee Denmark for the payment of the notes given to secure the payment of the purchase money for the 8½ acres of land, and I find that on said date, December, 1920, the defendant Lee Denmark, for the purpose of getting an extension of the time of payment of said first-named notes, and for the purpose of better securing the plaintiff in the payment of said notes, delivered to the plaintiff the four notes executed by John Wesley Royal, and that at the time of the delivery of the notes by Lee Denmark to plaintiff Lee Denmark placed said notes with plaintiff as collateral security and pledged same to him and instructed the plaintiff to get his money out of the notes to apply on the original notes held by plaintiff, and that, at the time defendant Lee Denmark pledged the John Wesley Royal notes with the plaintiff, the defendant Denmark gave instructions to plaintiff to get his money out of the Royal notes by selling them or filing suit, as he saw fit to do.

"(7) I further find that some time during the year 1922 the defendant Lee Denmark conveyed the land back to John Wesley Royal, in consideration, among other things, of the cancellation of the notes he gave Denmark, and which notes had long prior thereto been pledged with plaintiff, L. H. Avinger, and in this connection I find that plaintiff, L. H. Avinger, had no notice of any infirmities or defects in the notes at the time they were pledged to him by defendant Lee Denmark.

"(8) I further find that at the time of filing this suit note No. 1, for $100, of the three original notes, was past due for more than four years and was barred by the four-year statute of limitation, and I find that the four notes pledged to plaintiff were not barred at the time suit was filed.

"(9) I find that J. J. Mead, in the latter part of 1922, and after defendant John Wesley Royal had conveyed all said land back to Lee Denmark, purchased said land from Lee Denmark; but I find at the time that he purchased said land from Denmark he had actual notice of the John Wesley Royal notes, and that plaintiff, L. H. Avinger, was holding said notes pledged to him to secure the payment of the three original notes.

(1) "I conclude as a matter of law that note No. 1, executed by Lee Denmark to L. H. Avinger, was barred by the four-year statute of limitation, and that no personal judgment be entered against Lee Denmark as to the $100 note executed by him on the 31st day of December, 1917."

(2) "I conclude as a matter of law that the second two notes executed by Denmark to Avinger were not barred, and that Avinger can have his foreclosure on the 8½ acres of land against Denmark and all parties defendant."

(3) "I conclude as a matter of law that plaintiff Avinger has a right to a foreclosure and sale to the amount of all the notes owing to him by Denmark, and to have the proceeds of sale of the land to apply to all the notes, including the amount of the barred note."

(4) "I conclude that the first tract of land consisting of 8½ acres should be first sold, and, if said land should sell for a sufficient sum to pay off and discharge plaintiff's debt, that there be no sale of the land consisting of 12½ acres; but, if said first tract of land should not sell for a sufficient sum to pay off and discharge plaintiff's debt, then the remainder of said land be sold, and the proceeds, or a sufficient amount thereof, applied to the payment of plaintiff's debt to extinguish same."

J. A. R. Moseley, Jr., and Schluter & Singleton, all of Jefferson, for appellants.

Bartlett & Patman, of Linden, for appellee.

LEVY, J. (after stating the facts as above). [1] Error is predicated upon the court's conclusion of law in the third paragraph to the effect that the appellee was entitled to have a foreclosure of the vendor's lien and to have sale made of the 20½ acres of land to pay off and satisfy the full amount due and owing him on the notes executed by Lee Denmark, "including the amount of the barred note." The point made is that appellee, as a pledgee, has not the legal right to have the proceeds

of the sale of the collateral applied to the satisfaction of "the amount of the barred note" of the original debt; that he can recover upon the collateral only such sum as is legally allowable to be recovered against his original debtor, Lee Denmark. The appellee, it appears, held the collateral security before the statutory bar of four years against the first note of the original debt of Lee Denmark was perfected, and, as appears, the collateral itself was not barred. In these facts the appellee would have the legal right to have the proceeds of his collateral applied to the satisfaction in full of the original debt of Lee Denmark, although the original debt, in whole or in part, be barred. Hudson v. Wilkinson, 61 Tex. 606; Goldfrank v. Young, 64 Tex. 432; Fievel v. Zuber, 67 Tex. 275, 3 S. W. 273; Tombler v. Palestine Ice Co., 17 Tex. Civ. App. 596, 43 S. W. 896; 21 R. C. L. p. 659; Jones on Pledges and Collateral Securities (2d Ed.) p. 621. The reason of the rule is, quoting from Hudson v. Wilkinson, supra:

"In case of a pledge, the fact that the debt which it was made to secure is barred by the statute of limitation would constitute no defense to an action by the pledgee, * * * for the reason that a pledgee has a special property in the pledge and entitled to its possession until the debt is paid. It is said that 'the statute simply bars the remedy—it does not extinguish the debt; consequently, where a lien is given upon the property for the payment of a claim, whether by contract or by the custom or usage of trade, the lien may be enforced, although the remedy upon the debt itself is barred.' "

Therefore, if the pledgee, as here, held the collateral security before the statutory bar against the original debt was complete, he may continue to hold it afterwards, unless the collateral itself is barred. It would be inequitable to assist the pledgor in recovering the possession of the collateral which he has placed in the possession of the pledgee as security for his obligation, without paying in full his obligation. The obligation of the pledgor is not satisfied by mere lapse of time. The appellant J. J. Mead, as a purchaser from the pledgor with notice of the pledgee's rights, took the property subject thereto. And the appellant John Wesley Royal has no ground of complaint as to the amount and extent of recovery, because the pledgee's recovery was only to the extent of the debt for which he held the collateral as security, and the pledgee was not awarded a recovery against John Wesley Royal upon the collateral notes, or in any personal judgment.

[2, 3] The further point is made that there could be no foreclosure of the vendor's lien on the whole 20½ acres until and unless a personal judgment was rendered against John Wesley Royal upon his four notes. The appellee had the right, in the facts of this case, to foreclose the lien on the land. A pledgee can sue to foreclose the pledge lien, or on the collateral itself, in the same action on the original debt of the pledgor. The appellee here did sue on the collateral itself, and not merely upon a pledgee's lien on the collateral. In such case the appellee's remedy did not only consist of having a personal judgment on the notes, but he had the right to foreclose the lien on the land represented by the notes, and the judgment is not void for following either remedy. And none of the parties are in a position to complain of the judgment in that respect. The appellant Royal had reconveyed the land to Denmark in cancellation of the notes. The appellant Denmark had conveyed his interest in the land to Mead. The appellant Mead purchased the land with notice and subject to appellee's right to have a foreclosure, and in consequence his only interest is in the surplus arising from the sale after appellee's debt against Lee Denmark is fully paid. In this respect Mead's rights are protected by the terms of the judgment in the marshaling of the securities.

The appellant Denmark insists that the personal judgment against him includes the amount evidenced by the first note found by the court to be barred and should therefore be reformed to the correct amount for which he is legally liable. Appellee confesses the error. It is evident that the amount of the judgment, as stated, is not by knowledge or intention on the part of the court, and is a mere mistake. The judgment should have been entered for $305 instead of $484; the $100 barred note, interest, and attorney's fees to date of judgment being $178.75.

The judgment is reformed so as to allow a personal recovery against Lee Denmark for $305 instead of $484, and as reformed will be in all things affirmed. The cost of appeal will be taxed against the appellee, L. H. Avinger.