**MARTIN et al. v. LEE COUNTY STATE BANK.   (No. 6768.) \***

(Court of Civil Appeals of Texas. Austin. Oct. 8, 1924. Rehearing Denied Nov. 5, 1924.)

**1. Pledges ⬤⟻58(4) — Allegation that notes were transferred to plaintiff as collateral held sufficiently to allege ownership.**

Allegation that vendor's lien notes were transferred and assigned to plaintiff as collateral to another note, *held* sufficiently to allege ownership in plaintiff.

**2. Pledges ⬤⟻53—Pledgee may foreclose lien of notes pledged and recover on debt in same suit.**

Bank to which vendor's lien notes were transferred, as collateral security for a debt, could foreclose the lien and recover on its principal debt in the same suit.

**3. Appeal and error ⬤⟻1033(9)—Maker of collateral note could not complain because he was liable for amount greater than judgment.**

Where defendant was sued, not as maker of principal note, but as maker of vendor's lien note held as collateral, he could not complain because he was liable under collateral notes for greater sum than judgment.

**4. Appeal and error ⬤⟻1171(2) — That judgment excessive to amount of $1.15 held trivial.**

That judgment was $1.15 more than exact amount due on note for $636, *held* too trivial for consideration.

**5. Appeal and error ⬤⟻1071(1) — Failure of judgment to make provision for distribution of surplus not reversible error.**

In action on note secured by chattel mortgage and collateral vendor's lien notes, judgment that both personal property and real estate be sold and proceeds applied to satisfaction of judgment, and balance turned over to makers, without definite provision for proper distribution, *held* not reversible error, under Rev. St. 1911, arts. 2016, 2017, in view of admitted allegations that security was insufficient to satisfy judgment.

**6. Judgment ⬤⟻112—Permitting default held admission of truth of allegations of petition.**

By permitting default, defendants in effect admitted as true allegations of petition as to value of security.

**7. Appeal and error ⬤⟻1118—Defendants both liable cannot have their adverse interests considered on joint appeal.**

Where defendants were both liable for plaintiff's debt, even though judgment did not make full disposition of possible excess that might arise from sale of real and personal property, interested defendants uniting in common appeal cannot have their differences adjusted.

**8. Appeal and error ⬤⟻174—Coverture cannot be raised for first time on appeal.**

Coverture, not affirmatively disclosed in petition, must be pleaded by defendant, and cannot be raised for the first time on appeal.

Appeal from District Court, Lee County; R. J. Alexander, Judge.

Action by the Lee County State Bank against A. Martin and others. Judgment for plaintiff, and defendants appeal. Affirmed.

W. A. Morrison, of Cameron, for appellants.

E. T. Simmang, of Giddings, for appellee.

BAUGH, J. The Lee County State Bank brought this suit in the District Court of Lee County, Tex., on a note for $538.10, alleged to have been executed by R. H. Martin and M. N. Martin, with interest thereon from August 1, 1922, at 10 per cent., and 10 per cent. attorney's fees, said note secured by a chattel mortgage on personal property, and further secured by three vendor's lien notes for the aggregate sum of $538, executed by A. Martin to R. H. Martin, and by him transferred to the bank as collateral security. These notes bore 8 per cent. interest from July 29, 1921, and provided for the usual 10 per cent. attorney's fees. On April 20, 1923, default judgment was entered against R. H. Martin and A. Martin for $636, and for foreclosure of the chattel mortgage lien and the vendor's lien. All property covered by both liens was ordered sold, the proceeds applied upon the judgment "and the balance if any remaining, to be delivered to the defendants R. H. Martin and A. Martin." Judgment against M. N. Martin was for $495, with the provision that she be liable only for any balance due after the security was exhausted. From this judgment writ of error is prosecuted by defendants below acting through the same counsel. Each plaintiff in error presents separate assignments of error.

[1, 2] In the first assignment, A. Martin complains that the judgment was erroneous as to him in that appellee, plaintiff below, failed to allege ownership in the bank of the collateral vendor's lien notes, signed by him.

---

⬤⟻For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

265 S.W.—67   ª Writ of error dismissed for want of jurisdiction December 20, 1924.

There is no merit in this. Plaintiff did allege that these notes were transferred and assigned to it by R. H. Martin, payee therein, as collateral to the principal note, and that both the principal note and the collateral notes were past due and unpaid, and payment thereof refused. The bank was authorized to foreclose its collateral vendor's lien in the same suit on its principal debt. Denmark v. Avinger (Tex. Civ. App.) 257 S. W. 970; 31 Cyc. 885; 21 R. C. L., p. 668. This also disposes of the fifth assignment.

[3, 4] We also overrule the second assignment. A. Martin was not sued as a maker of, nor sought to be held liable upon, the principal note, but as the maker of the vendor's lien notes held as collateral. On these notes he was liable, under the allegations, for a greater sum than the amount of the judgment and cannot therefore complain. The third assignment complains that the judgment for $636 is excessive. By actual computation it appears to be for approximately $1.15 more than the exact amount due on the principal note. This is obviously an error in computation, and too trivial for our consideration. "De minimis non curat lex."

[5] The fourth and seventh assignments complain of the provisions in the judgment that both the personal property and the real estate be sold, the proceeds applied to the satisfaction of the judgment, and the balance, if any, turned over to R. H. Martin and A. Martin, regardless of whether such excess, if any, was derived from the sale of the personal property which belonged to R. H. Martin, or the real estate, which belonged to A. Martin. The judgment should have made fuller provision for such distribution. However, the personal property, consisting of cattle, was to be levied upon and sold as the property of R. H. Martin and the real estate as the property of A. Martin. Doubtless the sheriff, in the event of any excess from the sale of either the personal property or real estate, would make a proper distribution of such proceeds.

[6] But in permitting a judgment by default, the defendants below in effect admit as true the allegations of plaintiff's petition. Plaintiff alleged a total value of the personal property mortgaged as being, in the aggregate, $150, and that it had been converted, had died, or been disposed of until not over half of it remained subject to the bank's claim; and also alleged that the value of the land on which the vendor's lien was sought to be foreclosed was only $240. If such allegations were true, and for the purposes of sustaining the default judgment they will be so considered, then no injury has resulted as the proceeds from the sale of all said property would not satisfy the judgment anyway. Such discrepancies or miscalculations should be corrected in the trial court, and can be made under the provisions of articles 2016 and 2017, R. S. 1911.

[7] In the sixth and ninth assignments of error, R. H. Martin and M. N. Martin separately complain that the judgment, as between them as defendants below, does not properly adjudicate their respective rights. The judgment limits M. N. Martin's liability to $495, and then only after the security is exhausted. Plaintiff's petition, however, alleges a several liability on the part of R. H. and M. N. Martin on the principal note. Nor can two defendants, both of whom are liable for the debt, by a common appeal, have adverse interests as between them considered on appeal from a default judgment, in which appeal both join through the same counsel. Hendrick v. Cannon, 5 Tex. 248; Wagner v. Marple, 10 Tex. Civ. App. 505, 31 S. W. 691. The plaintiff bank was entitled to recover its judgment and to have the property sold to satisfy it. Even if the judgment does not make a full disposition of a possible excess that might arise from the sale, the interested defendants, who have united in a common appeal, could have adjusted that matter in the trial court without an appeal.

[8] The eighth assignment asserts that the judgment is unsupported by the pleadings as against Mrs. M. N. Martin in that it is not alleged that she is a feme sole nor that said note was executed for necessaries for herself and children. Nor is it alleged why her husband was not joined in the suit. This assignment is overruled. Coverture not affirmatively disclosed in plaintiff's petition must be pleaded by defendant, and cannot be raised for the first time on appeal. Caldwell v. Brown, 43 Tex. 216; Hamlett v. Coates (Tex. Civ App.) 182 S. W. 1144.

Finding no such error in the record as would authorize a reversal, the judgment of the trial court is affirmed.

Affirmed.