F. F. SPRENGER, Appellant, v. FIRST STATE BANK, a Corporation, Wishek, North Dakota, et al., Defendants, and SECURITY STATE BANK, a Corporation, Wishek, North Dakota, Respondent.

(206 N. W. 224.)

**Pledges — pledgee of collateral security may sell principal debt and transfer collateral to purchaser, if not otherwise agreed or rights of pledgeor not affected; purchaser takes on same footing as original creditor.**

Unless it is otherwise agreed between the parties, one who holds collateral as security for the payment of a debt may sell the principal debt and transfer the collateral to the purchaser, provided the rights of the pledgeor to pay the debt and redeem the collateral are not affected. In such case the purchaser takes the debt and collateral on the same footing on which it was taken by the original creditor, being charged with the same duties respecting it and entitled to the same benefits therein.

Opinion filed November 13, 1925.

Pledges, 31 Cyc. p. 849 n. 9.

From a judgment of the District Court of Logan County, *McKenna, J.,* plaintiff appeals.

Note.—On right of pledgee of collateral security to sell pledged property, see annotation in 43 L.R.A. 857; 21 R. C. L. 673 et seq.

Affirmed.

*Arthur B. Atkins,* for appellant.

The fact that the transaction effected by fraud is evidenced by writing does not prevent the introduction of parol evidence as to the fraud, the attack of a written instrument for fraud being a well-recognized exception to the general rule prohibiting the introduction of parol evidence to alter or contradict the terms of a writing. 27 C. J. p. 52.

*Langer & Nuchols,* for respondent.

An assignment of a note passes the whole interest of the assignor, including every remedy and security available by the assignor as incident thereto, although not specially named in the instrument of the assignment. Munson v. Exchange Nat. Bank, 19 Wash. 125. 52 Pac. 1011.

CHRISTIANSON, Ch..J. Plaintiff brought this action to recover damages for the alleged conversion of two certain warrants executed by the Hail Insurance Department of North Dakota, in payment of a loss by hail sustained by the plaintiff, Sprenger, in 1923. The aggregate amount of both warrants is $1,241. The case was tried to a jury; but after some twenty hours' deliberation the jury reported their inability to agree upon a verdict and the trial court thereupon granted a motion formerly made, and directed a verdict in favor of the defendants and against the plaintiff for a dismissal of the action. Judgment was entered accordingly and the plaintiff has appealed.

The material and undisputed facts are as follows: The plaintiff resides in the village of Wishek in McIntosh county, North Dakota. The defendants First State Bank and Security State Bank are banking corporations having their principal place of business at said village of Wishek. In the year 1916 and thereafter the plaintiff transacted business with, and became indebted to, both of these institutions; and during succeeding years he executed chattel mortgages to both. In the year 1923 the defendant First State Bank held a chattel mortgage upon some of the personal property of the plaintiff securing an indebtedness of approximately $1,400. The defendant Security State Bank also held a chattel mortgage securing certain indebtedness owing to it by the plaintiff. These two chattel mortgages covered in part the same property. That is, the First State Bank held a first mortgage upon

some of the property on which the security State Bank held the second mortgage and the Security State Bank held a first mortgage on some of the property on which the First State Bank held a second mortgage. In July, 1923, the plaintiff, Sprenger, sustained a loss by hail of certain crops which were then insured against loss by hail in the State Hail Insurance Fund. The loss was adjusted at $1,732.50. On July 17th, 1923, the plaintiff, Sprenger, assigned his claim for said hail loss to the defendant First State Bank of Wishek as collateral security for his said indebtedness to that bank. On September 27th, 1923, the plaintiff, after certain negotiations with the defendant Security State Bank, executed and delivered to said bank a written instrument, which authorized and requested the said First State Bank to assign to the Security State Bank all moneys due to said plaintiff upon the hail insurance claims over and above the amount due from the plaintiff to the said First State Bank. Said written instrument further authorized the Security State Bank to pay to the First State Bank plaintiff's indebtedness to said latter bank, and to receive all notes and mortgages held by said First State Bank against the plaintiff and an assignment of the hail warrants to be issued, less any amount that might be deducted by the State Hail Department for the hail tax for the year 1923. It is contended by the plaintiff that he executed and delivered said written instrument to the Security State Bank upon the express condition that time of payment of plaintiff's indebtedness to said bank should be extended for one year. On October 10th, 1923, the defendant Security State Bank instituted an action in the district court of McIntosh county for the foreclosure of its chattel mortgage against the plaintiff. And pursuant to proceedings had in said action, the personal property of the plaintiff covered by the chattel mortgages held by the Security State Bank was sold. The plaintiff defaulted in said action and the ordinary judgment in foreclosure was entered. On November 14th, 1923, the Security State Bank paid to the defendant First State Bank the sum of $1,452.63, being the full amount then due to said First State Bank upon the note held by it against the plaintiff, and the said First State Bank thereupon assigned said note and the chattel mortgage securing the same and delivered said note to said defendant Security State Bank. At this time no warrants had been issued by the State Hail Insurance Department in payment of the hail insurance claims.

Such warrants, however, were issued on December 1st, 1923, payable to the order of F. F. Sprenger and First State Bank of Wishek. The warrants were surrendered for cancelation and new warrants were issued payable to the First State Bank of Wishek as assignee of F. F. Sprenger. Owing to the fact that the premiums collected by the State Hail Insurance Fund, for the year 1923, were insufficient to pay all claims in full the payment of losses was pro-rated and the amount of the warrants issued upon the claim of the plaintiff aggregated only $1,241. The First State Bank of Wishek indorsed an assignment in writing on the back of the warrants and delivered the same to the Security State Bank, and the Security State Bank received the warrants and refused to turn them over to the plaintiff on demand.

This action is brought on the theory that these hail insurance warrants belong to the plaintiff and that the Security State Bank has no right or interest therein. Plaintiff contends that the written order or agreement dated September 27th, 1923, was obtained by fraud. That is, by a promise on the part of the Security State Bank that it would extend the time of payment of the indebtedness of plaintiff for another year; that it had no intention to perform such promise, and that, consequently, the Security State Bank has no right to retain possession of such hail insurance warrants and that its refusal to deliver them to plaintiff on demand constituted conversion. The trial court ruled that no conversion had been established and in our opinion this ruling is correct.

It is undisputed that the plaintiff was indebted to the First State Bank of Wishek in the sum of $1,400 and over, and that as collateral security for the payment of such indebtedness he executed and delivered to such bank an assignment of certain claims which he then held against the State Hail Insurance Department of North Dakota. It is equally undisputed that this indebtedness was in no manner paid; that on the 14th day of November, 1923, the Security State Bank of Wishek paid to the First State Bank of Wishek the sum of $1,452.63; and that upon such payment being made the First State Bank of Wishek assigned, transferred and delivered the note which it held against the plaintiff Springer to the defendant Security State Bank. The assignment of this note carried with it all the collateral security which the First State Bank of Wishek held for the payment thereof. 31 Cyc.

53 N. Dak.—26.

848; 19 R. C. L. 347, 348; 21 R. C. L. pp. 673, 674. For "it is well settled that, in the absence of statutory or contract provision to the contrary, the holder of collateral as security for a debt may sell the principal debt and transfer the collateral to the purchaser provided the right of the pledgeor to pay the debt and redeem the collateral is not affected. Where the principal debt is sold and the collateral is transferred with it, the purchaser takes the debt and collateral on the same footing on which it was taken by the original creditor, being charged with the same duties respecting it and entitled to the same benefits therein. He stands, so to speak, in the shoes of the seller." 21 R. C. L. 673.

It is contended by the plaintiff, however, that this well settled rule was changed by chapter 267, Laws 1925. An examination of that statute discloses that the contention is wholly unfounded. The only change made in the then existing law by the statute cited relates to the procedure to be followed in enforcing a pledge. The statute does not purport to inhibit one who holds an indebtedness which is secured by collateral from transferring the principal debt to another; nor does it purport to change the rule formerly existing that such transfer carries with it the collateral held as security for the payment of the debt transferred. In this case there has been no attempt to enforce the pledge by a sale of the collateral security. Such collateral is still held by the owner and holder of the principal obligation. The pledgeor has neither paid nor tendered payment of the debt secured by the pledge. Jones, Collateral Securities, 3d ed. § 422.

The judgment appealed from is clearly right and must be affirmed.

NUESSLE, BIRDZELL, BURKE, and JOHNSON, JJ., concur.