**HOLLINS et al. v. MAYFIELD CO.**
**(No. 3782.)**

Court of Civil Appeals of Texas. Texarkana.
Jan. 2, 1930.

Briggs & Sanders, of Gilmer, for appellants.

Lasseter & Simpson, of Tyler, for appellee.

HODGES, J. In October, 1922, Jodie Hollins, one of the appellants, executed and delivered to Newsome, the other appellant, two notes for $200 each, secured by a vendor's lien on a 50-acre tract of land situated in Upshur county. In July, 1927, Newsome, who was a retail merchant, became indebted to the appellee in the sum of approximately $1,000 for merchandise purchased. In order to secure an extension of time for payment, and further credit, Newsome executed and delivered to the appellee his personal notes for the amount of the indebtedness and also assigned as collateral security the two vendor's lien notes given him by Hollins. This suit was filed by the appellee to recover the full amount of the Hollins notes, together with interest and attorney's fees, and a foreclosure of the vendor's lien on the tract of land. Both Hollins and Newsome pleaded payment. Newsome specially pleaded that he had collected from Hollins the full amount of the notes, and had paid the same over to the appellee. The evidence shows that in September, 1927, the Hollins notes were delivered by Mayfield Company to Newsome for collection. At the time the notes were so delivered, Newsome signed a receipt showing that the notes were placed in his hands for collection and return. Some time thereafter Newsome filed a petition in bankruptcy. Mayfield Company then notified Hollins not to pay the amount due on those notes to any one except Mayfield Company. A witness for the latter testified that when he delivered that message Hollins told him that he had not then paid the notes to Newsome. However, when Hollins was approached again on the subject about a week or ten days later by the same witness, he stated that he had paid the amount due on the notes to Newsome before he received the notice. Both Newsome and Hollins testified that the notes had been paid before such notice was given. Newsome further testified that payment was made by Hollins to him; that he marked the notes paid and surrendered them to Hollins and thereafter transmitted the amount collected to Mayfield Company. Upon that issue, however, the testimony was conflicting.

The court submitted the following special issues:

"Did Jodie Hollins pay to S. G. Newsome, Jr., the two land notes involved in this suit?" To which the jury answered, "Yes."

"Did S. G. Newsome pay to Mayfield Company the money paid to him by Jodie Hollins on said land notes?" To which the jury answered, "No."

"Did Jodie Hollins pay to S. G. Newsome, Jr., the amount due on said land notes before or after he had been notified that Mayfield Company held said notes?" To which the jury answered, "After."

■ Upon those findings the court entered a judgment in favor of the appellee for the amount of the notes, with interest and attorney's fees. The evidence was, we think, sufficient to support the special findings of the jury and also to support a further finding by the court that the personal notes of Newsome amounting to $400, secured by the Hollins notes, had not been paid by Newsome.

■ Appellants contend that Mayfield Company is bound by the payment made to Newsome, since Newsome had been made its authorized agent for the purpose of collecting the notes. It is true that Newsome had been authorized to make the collection, but Mayfield Company had a right to revoke that authority at any time it saw fit; and the jury found that the payment was made to Newsome after that authority had been in legal effect revoked.

■ It is also contended that no judgment could be recovered by Mayfield Company on the collateral notes without first securing a judgment on the personal notes of Newsome. The decisions upon that proposition are to the contrary. Bond v. National Exch. Bank (Tex. Civ. App.) 53 S. W. 71; Martin et al. v. Lee County State Bank (Tex. Civ. App.) 265 S. W. 1057; Guffey v. F. & M. State Bank (Tex. Civ. App.) 250 S. W. 301; Denmark et al. v. Avinger (Tex. Civ. App.) 257 S. W. 970.

The judgment will be affirmed.