## GOLDEN GATE CEMETERY CORPORATION v. OAK PARK CEMETERY, Inc.

### No. 2797.

Court of Civil Appeals of Texas. Beaumont.

June 13, 1935.

Lawler & Wood, of Houston, for appellant.

Edgar Monteith and Henderson & Copeland, all of Houston, for appellee.

WALKER, Chief Justice.

This suit was instituted by appellant, Golden Gate Cemetery Corporation, against appellee, Oak Park Cemetery, Inc., to recover the title and possession of certain personal property fully described in the petition, and for conversion. Appellee's answer was to the effect that it held the property as a pledge to secure the payment of an indebtedness due it by W. R. Britton, with prayer for the foreclosure of its lien, with order of sale, etc. To this answer appellant replied by pleas of limitation. On trial to the court without a jury, judgment was rendered that appellant recover nothing, and that appellee have the relief prayed for. The judgment recites the following facts, all of which have support in the evidence:

"And the court further finds that prior to September 1st, 1930, one, W. R. Britton was the legal owner of said property above described and had possession thereof; that the said W. R. Britton had become indebted to one, W. W. Fife, in an amount in the sum of Twenty Five Hundred Two Dollars ($2502.00) for work and labor furnished and performed and personal services rendered by the said Fife to the said Britton, and that to secure the said Fife in the payment of said sum of money and indebtedness, the said Britton gave the said Fife a pledge and equitable mortgage or lien on said above described property and delivered the possession thereof to the said Fife on or about September 1st, 1930, as security for said indebtedness; that thereafter the said Fife, for a valuable consideration, sold, transferred and assigned said debt, pledge and lien to said Defendant, Oak Park Cemetery, Inc., and delivered possession of said property under said pledge to said Defendant; that subsequent to said pledge and creation of said lien, said Plaintiff, Golden Gate Cemetery Corporation, with full knowledge of said pledge and lien, acquired the legal title to said property through the said Britton, subject to said pledge and lien; that the said Britton has defaulted in the payment of said indebtedness and that said Plaintiff has failed to redeem said pledge or satisfy said lien. * * *

"The Court further finds that said Defendant, Oak Park Cemetery, Inc., is now the legal owner and holder of said pledge and lien and that the same are prior and superior to the rights, title and interest of said Plaintiff in and to said property."

The fact recitations were followed by the following decree:

"And the Court, after hearing all of the pleadings, the evidence and the argument of Counsel, and being fully advised in the

premises, is of the opinion that the law and the facts are with the Defendant, and that the Plaintiff should take nothing by its suit, and that said Defendant is entitled to a foreclosure of said pledge and lien against all of said property with an Order of Sale thereof, in satisfaction of its said debt in the sum of Twenty Five Hundred Two Dollars ($2502.00).

"It is therefore considered, and so ordered, adjudged and decreed by the Court that the Plaintiff, Golden Gate Cemetery Corporation, take nothing by its suit against said Defendant, Oak Park Cemetery, Inc., and that said Defendant go hence discharged with its costs in this behalf expended.

"And it is further ordered, adjudged and decreed by the Court that said Pledge and lien as it existed on September 1, 1930, on all of said personal property above described, be, and the same is hereby foreclosed in favor of said Defendant, Oak Park Cemetery, Inc., and that an Order of Sale issue herein to the Sheriff or any Constable of Harris County, Texas, or any County where such property may be found, commanding him to seize and sell the same as under execution in satisfaction of this Judgment.

"It is further ordered, adjudged and decreed that said Defendant, Oak Park Cemetery, Inc., do have and recover of and from said Plaintiff, Golden Gate Cemetery Corporation, all costs of Court in this behalf expended, for which let execution issue."

■ With the assignment of Fife's claim against W. R. Britton in the sum of $2,502, appellee received the possession and custody of the pledge. This possession was lawful, for it was merely the transfer of the custody and possession of the pledge by Fife given him by W. R. Britton to secure the payment of Britton's debt to Fife.

■ Fife held the pledge and through him appellee, with no express power of sale; and we agree with the contention of appellant that the debt for which the pledge was security was barred by limitation at the time appellee asserted its pledgee's lien. But these facts did not entitle appellant to judgment for the title and possession of the property. In Hudson v. Wilkinson, 61 Tex. 606, our Supreme Court said: "In case of a pledge, the fact that the debt which it was made to secure is barred by the statute of limitation would constitute no defense to an action by the pledgee * * * for the reason that the pledgee has a special property in the pledge, and entitled to its possession until the debt is paid. It is said that 'the statute simply bars the remedy—it does not extinguish the debt; consequently, where a lien is given upon property for the payment of a claim, whether by contract or by the custom or usage of trade, the lien may be enforced, although the remedy upon the debt itself is barred.'"

In 37 C. J. 701, it is said: "It is a general rule that a creditor may hold and realize on collaterals pledged to secure a debt, although action on the principal obligation is barred by limitation. And it is universally held that a pledgor cannot recover possession of the pledged property without paying his debt, although the debt is barred by the statute of limitations."

In 21 R. C. L. 659, it is said: "It is generally held that while a deposit of collateral does not prevent or impede the running of the statute of limitations upon the debts secured thereby, yet the barring of any action upon such debt through the running of the statute of limitations does not affect the right of the pledgee to hold and realize upon the collateral." See, also, Denmark v. Avinger (Tex. Civ. App.) 257 S. W. 970; Tombler v. Palestine Ice Co., 17 Tex. Civ. App. 596, 43 S. W. 896.

On the principles of law announced by these authorities, the statutes of limitations were no bar to the power of the court to ascertain the amount of the claim held by appellee against W. R. Britton and to order the pledge sold and the proceeds applied to the satisfaction of that claim. The finding of the court that appellant "acquired the legal title to said property through the said Britton, subject to said pledge and lien," makes its claim in the property inferior to that of appellee.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.

This case was originally filed in the Galveston Court of Civil Appeals and regularly transferred to this court by orders of the Supreme Court.