## Callebs et ux. v. Smith.

(Decided March 12, 1937.)

FLEM D. SAMPSON for appellants.

HIRAM H. OWENS for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This appeal is from a judgment of the Knox circuit court in favor of the appellee, Joe Smith, rendered in an action brought by him as the assignee and owner of a note, executed by appellants, John S. Callebs and wife, to C. C. Smith and W. B. Riley and secured in its payment by their mortgage upon certain of their lands.

The record discloses that the parties have here joined issue upon a multiplicity of pleadings, presenting many collateral questions indirectly involved, but out of this resulting confusion so caused, we may summarize the material issues and questions joined and presented as follows:

It appears that in April, 1922, W. B. Riley and C. C. Smith, being then partners in the Barbourville Planing Mills Company, decided to extend it by incorporating a new branch business, entitled the Corbin Lumber Company. Experiencing some difficulty in selling the stock and financing this corporate business venture, they entered into an agreement with one Hiram H. Owens, whereby he was to advance to them or lend to the corporate business some $15,000, which loan was secured both by the individual indorsement and pledged collateral of the stockholders, Smith and Riley.

Upon the failure within a few years of the business, there remained owing by it to Owens upon his loan the

sum of $5,143.41, as collateral security for which there had been pledged by Smith and Riley, its indorsers, with Owens certain bank stocks and the Callebs' note and mortgage here in question.

It appears that C. C. Smith, in order to comply with the requirement of collateral made by Owens, had borrowed from his brother, the appellee, Joe Smith, certain shares of his bank stock, which, together with their Callebs mortgage note, they had pledged to Owens to secure him in the payment of this Corbin Lumber Company debt.

Upon the company's defaulting, Owens insisted on payment of this balance owing him and was threatening to sell the pledged collateral to satisfy it.

Joe Smith, not wishing to have his bank stock (loaned to and pledged by his brother, C. C. Smith) sold by Owens, the pledgee, purchased from him the unpaid part of his obligation held against the Corbin Lumber Company and C. C. Smith and W. B. Riley, indorsers thereon. Joe Smith's purchase of this obligation was effected by an agreement made by appellee with Owens, providing that the latter would take the bank stock pledged him at an agreed price, whereupon Owens, for such consideration, sold and assigned the lumber company's original obligation, indorsed by Smith and Riley, over to Joe Smith, together with the remaining collateral, the Callebs mortgage note pledged Owens to secure its payment, at the time indorsing the obligation so sold as follows:

"I hereby assign without recourse to Joe Smith $5,143.41 of the within obligation. He, as surety has paid said sum by surrender of collateral stock hereto attached. I assign without recourse J. S. Callebs note January 5, 1924 hereto attached, witness E. E. Evans.

"Signed: Hiram H. Owens."

It appears that for several years thereafter the maker of the note, John S. Callebs, recognized Joe Smith, the assignee thereof, as the owner and holder as such of his mortgage note and made repeated payments to him thereon, which were indorsed on the note by Smith as credits.

Later, Callebs having failed to pay the note, Joe

Smith, as the assignee and owner thereof, brought this suit against the Callebs upon the note, asking judgment for its amount, subject to the credits indorsed thereon, and for a foreclosure of the mortgage lien securing its payment.

The appellant pleaded numerous defenses, among which were his alleged payment to Smith and Riley of the note with counterclaim for excess payment thereof; that Smith and Riley were still the owners of the note and were necessary parties to the action; that they were then nonresidents and insolvent; and also that the note having been only pledged to Owens by Smith and Riley for the payment of their debt, he, such pledgee, had but a special property interest in the pledged note, which, upon the alleged payment made of the pledgors' original note by Joe Smith, terminated, and therefore the pledgee then had no further right or interest in the pledged note except to return it to the pledgors, the purpose of the pledge having been effected.

Following pleadings, traversing the allegation of such defenses, made up the issues, upon which proof was then taken.

The plaintiff, Joe Smith, testified that he was the owner of the note and mortgage sued on as the assignee thereof from Hiram H. Owens, to whose rights therein, as pledgee, he had succeeded upon Owens' assignment to him of the lumber company's remaining unpaid obligation, which assignment carried with it the collateral pledged as security therefor, as incident thereto, by reason of which he claimed that he had acquired the right, which Owens, his assignor, had, to sue upon the pledged note and to foreclose the mortgage executed by appellants as security therefor.

Further, Joe Smith testified that the appellants, Callebs and wife, were informed of his having become the holder of the note as Owens' assignee thereof and had thereafter recognized him as its holder and owner and, as evidencing this, had made to him, as such, repeated payments to be applied by him as credits upon the note. Further, he testified that this note sued on was a renewal of the original note executed to Smith and Riley in 1920 in the principal sum of $3,000, for securing the payment of which the Callebs had executed the mortgage in question upon certain of their lands,

which are here involved; that said note had been reduced by payments made thereon, when in 1924 the renewal note here in question was executed for $2,-106.73, such being the amount of the original note then remaining unpaid.

Further it appears that the appellants, Callebs and wife, have in this suit pleaded that Owens, the pledgee, had no right to transfer this collateral, even though he assigned it to Smith as an incident of the original obligation of the lumber company sold and transferred Smith (to which it was attached and pledged as collateral), but that the right of action upon the note so pledged, after Smith's alleged payment of the obligation to Owens, remained in its pledgors, Smith and Riley, even though Riley, as one of the partners and for the purpose of answering such plea raised by the Callebs, had, after the suit was brought, indorsed on the mortgage the following express assignment thereof to the plaintiff, Joe Smith:

"Joe Smith having assumed the payment of Hiram H. Owens a sum of money greatly in excess of the value of this mortgage and paid for us to him such sum, which has not been repaid to him by us, he is the owner of the J. S. Callebs mortgage of date 19th of June, 1920 and we hereby confirm, transfer and deliver by Owens to him of said mortgage and now assign all legal and equitable rights, if any we have therein and thereto, to said Joe Smith."

While the appellants pleaded and alleged many things by way of defense to the appellee's cause of action set up in his petition, seeking to realize upon this note and mortgage, it is notable that they yet refused and declined to offer any evidence or themselves go upon the witness stand and testify in support of their many allegations and pleaded defenses, as set out supra, notwithstanding all of these were duly traversed and denied by appellee's counter pleadings filed thereto.

In view of this summary of the pleadings and evidence, it appears that the one material question here presented is whether or not the appellee, Joe Smith, having purchased the obligation of the lumber company, indorsed by Smith and Riley, from Hiram Owens, by transfer to him of his bank stock for its then un-

paid amount, who thereupon made an assignment both ·of the obligation and collateral pledged to secure it, thereby became the assignee and owner of the Callebs note and mortgage pledged Owens as security for the payment of the obligation.

While we are impressed with the lengthy argument made in brief of appellant with respect to the rules applicable to the limited or only special rights of a pledgee in the pledge made as security for the payment of pledgor's indebtedness or obligation to pledgee and that it may be conceded that the rule is as insisted upon, that upon the satisfaction or payment of the original debt, the security pledged therefor should be returned to pledgor, the recognition of such rule does not serve to avoid the appropriate application of the further rule, equally well settled, that the pledgee's transfer of the secured debt ordinarily carries with it a transfer of the collateral unless the parties agree otherwise. 49 ·C.J. 964, sec. 158. This text announcing such rule is supported by numerous cases cited in footnote 11 thereto, among which is the case of Sprenger v. Wishek First State Bank, 53 N. D. 398, 206 N.W. 224. See, also, 21 R.C.L. 673, sec 34; Oleon v. Rosenbloom & Co., 247 Pa. 250, 93 A. 473, L.R.A. 1915F, 968, Ann. Cas 1916B,· 237; Bates v. First Savings Bank of Richland, 219 Iowa, 1358, 261 N.W. 797; Golden Gate Cemetery Corp. v. Oak Park Cemetery (Tex.Civ.App.) 83 S.W.(2d) 711.

The note of appellants, so pledged and here sued on, being thus indorsed and assigned without recourse by pledgee, as well as the mortgage executed therefor having also been assigned and transferred by the original payees and owners thereof, Smith and Riley, the appellants' contention that the suit against them should nonetheless have been brought in the name of the assignors, Smith and Riley, would appear to be supertechnical and without merit.

The facts as to the making and execution of the note and mortgage by the Callebs, and that the same is still owing and unpaid by them in the amount sued for by appellee, are both pleaded and positively testified to by appellee, and undenied by any evidence, while the appellants' pleadings, traversing such allegations, are entirely unsupported by any evidence tending to establish their contentions.

The appellee's testimony being to the effect stated and being the only evidence introduced showing the validity of appellee's claim of right to recover judgment for his debt and to have enforcement against the land held in lien to satisfy same, it results that it must needs be a matter of little consequence to appellants to whom they pay the debt, which it must be taken upon the record they owe.

While conceding arguendo that the note or chose in action, when thus assigned as an incident of the obligation transferred by Owens to the appellee, Joe Smith, was held by him subject to all the defenses pleaded of payment, yet apellants having failed to sustain any of the defenses pleaded by any evidence supporting them, and which have been traversed and answered both by the pleadings and evidence of appellee, it is clear appellants are not to be held entitled to here prevail against appellee, where he has established both the express assignment of this note and mortgage to him, as well as its assignment by operation of law as transferee or assignee of the original obligation, for the payment of which it was pledged by Smith and Riley, the original owners and payees thereof.

In the case of Fields' Adm'r v. Perry County State Bank, 214 Ky. 24, 282 S.W. 555, it was held that the assignee of a chose in action (there bank certificates of deposit, not negotiable within the meaning of the Negotiable Instrument Act [Ky.St. sec.3720b-1 et seq.]) may maintain suit thereon in his own name, since by assignment he becomes vested with title and entitled to proceeds, in view of Civil Code of Practice, secs. 18 and 19, requiring an action to be prosecuted in the name of the real party in interest and recognizing the right of assignee to maintain the action.

In the instant case, Hiram Owens, the pledgee and transferor of the obligation to appellee, and Smith and Riley as the pledgors and original owners and holders of the note and mortgage in question, have stated and agree that the appellee, Joe Smith, is now the assignee and owner of the note sued on, and the appellant himself has recognized that such is his status and right, as assignee and holder of the note, by his conduct and acquiescence therein, as evidenced by his repeated payments made upon the note to Joe Smith.

In view of these considerations, we are unable to find any substantial merit or force in the "shadow boxing" of appellant, evidenced by his many pleas made and invoked to the action, when he has been unwilling or unable to introduce any evidence or testimony in support of their truth.

Therefore, after a careful consideration of the whole record, we find no error committed by the trial court prejudicial to the substantial rights of appellant, from which it follows that its judgment should be and it is affirmed.