## CIRCUIT COURT OF CHESTERFIELD COUNTY

Central Virginia Bank

v.

Levitt Wade Bell
and John Harlan

June 19, 1989

Case No. (Law) 88-403

By JUDGE HERBERT C. GILL, JR.

On May 19, 1989, counsel presented argument in regard to plaintiff's demurrer to the counterclaim. Plaintiff asserts that a duty of good faith is not owed to defendant and, therefore, defendant [Harlan] has failed to state a cause of action. Plaintiff further argues that notice requirements pursuant to Section 8.9-504(3) do not give rise to an independent tort action. Rather, the notice requirements solely establish a defense in a deficiency action.

Plaintiff seeks recovery on a note obligating defendants Harlan and Bell. The note was secured by defendant Bell's truck. Upon default, plaintiff repossessed the truck and then returned it to defendant Bell, whereby defendant Bell allegedly absconded with the truck.

Defendant argues that plaintiff failed to comply with the notice requirements set forth by Section 8.9-504(3)

and that plaintiff's noncompliance establishes an independent cause of action in tort. Citing *Rhoten v. United Va. Bank*, 221 Va. 222 (1980), defendant accurately notes that "debtor" within Section 8.9-504(3) includes defendant Harlan as a co-maker or guarantor of the obligation.

However, the Court may not consider counsel's argument that the claim states a cause of action for plaintiff's failure to provide notice required by Section 8.9-504(3). Defendant did not allege that plaintiff failed to provide notice pursuant to Section 8.9-504(3).

Defendant, by his counterclaim, asserts that plaintiff's failure to deal in good faith on an equal basis constitutes reckless, willful, and negligent conduct. *See* paragraphs # 8 and # 11. Paragraph # 4 incorporated by paragraph # 7 sets forth the crucial facts of the counterclaim:

> In spite of the fact that the plaintiff had the opportunity to obtain possession of the secured property, the plaintiff corporation released the secured property back to the defendant, Levitt Wade Bell. In addition, Levitt Wade Bell at that time made certain promises regarding the sale of other secured property which the plaintiff deemed acceptable.

Defendant also neglected to adequately plead facts sufficient to support a claim of "disposition" within Section 8.9-504. The return of security to the debtor fails to constitute a "disposition" within Section 8.9-504, as said provision, in part, states, "The proceeds of disposition shall be applied . . ." The return of security does not provide "proceeds." Section 8.9-306 of the Virginia Code (Definitional provision for "proceeds"). *See e.g. Michigan Nat. Bank v. Marston*, 185 N.W.2d 47 (Mich. App. 1970). (Disposing of security and returning to the debtor stated in the alternative.)

Upon consideration of the relevant arguments presented, plaintiff's demurrer is denied. Although defendant may not recover for breach of the general provision requiring "good faith," defendant has alleged sufficient facts to support a cause of action pursuant to Section 8.9-207

of the Virginia Code. Counsel for defendant is directed to draft an order in accordance with this opinion.

A demurrer admits the truth of all material facts properly pled. Under this rule, "the facts admitted are: (1) facts expressly alleged, (2) facts which are by fair intendment impliedly alleged, and (3) facts which may be fairly and justly inferred from the facts alleged." *Duggin v. Adams*, 234 Va. 221, 223 (1987), citing *Ames v. American Nat. Bank*, 163 Va. 1, 37 (1934). Upon a demurrer to a complaint, "only the complaint itself, together with the exhibits filed with it, can be looked to in order to ascertain its sufficiency." 6A M.J. *Demurrers*, Section 26, citing *Lister v. Virginia Nat'l Bank*, 209 Va. 739 (1969). Pleadings other than the complaint are not considered. *Basic Constr. Co. v. Community Hosp.*, 213 Va. 587 (1973).

Counsel for plaintiff accurately stated that failure to act in good faith does not give rise to an independent claim pursuant to the general provision of Section 8.1-203. *Management Assistance, Inc. v. Computer Dimensions, Inc.*, 546 F. Supp. 666 (N.D. Ga. 1982). The Court in *Management Assistance, Inc. v. Computer Dimensions, Inc.*, noted:

> Failure to act in good faith in the performance or enforcement of contracts or duties under [Alabama's UCC] does not state a claim for which relief may be granted in Alabama. Nor have we been able to discover a jurisdiction which allows recovery of damages under this general provision of the Uniform Commercial Code. There is no indication, either in the text of the comments, that Section 1-203 [Section 1-203 of the Alabama UCC is identical to Gerogia's Section 1-203] was intended to be remedial rather than directive. *Id.*, 546 F. Supp. 666 (N.D. Ga. 1982), citing *Chandler v. Hunter*, 340 So. 2d 818 (Ala. Civ. App. 1976).

Unlike Section 8.1-203, Section 8.9-207 was intended to be remedial rather than directive. Section 8.9-207 of the Virginia Code, in part, provides:

(1) A secured party must use reasonable care in the custody and preservation of collateral in his possession . . . .

(3) A secured party is liable for any loss caused by his failure to meet any obligation imposed by the preceding subsections but does not lose his security interest.

The duty imposed by Section 8.9-207 is owed to the defendant as a "debtor" within the general definitional provision, Section 8.9-105. *Rhoten v. United Va. Bank*, 221 Va. 222 (1980). See also the Official Comment to Section 8.9-207. The obligation of reasonable care may not be disclaimed. Section 8.1-102(3) of the Virginia Code.

Release of collateral may constitute negligence and render the secured party liable to a pledgor. *Signer v. First National Bank & Trust Company of Covington, Kentucky*, 455 F.2d 382 (6th Cir. 1971). In *Signer*, the bank mistakenly released the note and mortgage to the obligor depriving the pledgor of security and evidence of the obligor's indebtedness to the pledgor. The Court held that the bank breached the duty of due care pursuant to Section 8.9-207 and awarded damages to the pledgor.

Defendant sufficiently alleges facts necessary to maintain an action pursuant to Section 8.9-207 of the Virginia Code. Defendant asserts:

(1) Possession of collateral by the secured party. See paragraph # 4 incorporated by paragraph # 7 of the counterclaim.

(2) Duty owed to defendant Harlan. Paragraph # 1 (incorporated).

(3) Duty breached. Paragraph # 4 (incorporated) # 10 and # 11.

(4) Damages result thereof. Paragraph # 5 (incorporated).